UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NORMAN BUTTE, Petitioner | CIVIL ACTION NO. 1:19-CV-487-P |
| VERSUS | JUDGE DEE D. DRELL |
| WILLIAM BARR, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Norman Butte ("Butte") (#A074918705). Butte is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana.

Because Butte fails to provide sufficient factual allegations to support his claim, Butte must AMEND his Petition.

I.   Background

Butte claims that his detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001), because he has been detained in excess of six months, and there is no significant likelihood of his removal in the reasonably foreseeable future.

II.   Instructions to Amend

Under Zadvydas, it is presumptively constitutional for an alien to be detained for six months past the 90-day removal period following a final order of removal. Id. After the expiration of the six-month period, an alien may seek his release from

custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Agyei–Kodie v. Holder, 418 F. App'x 317, 318 (5th Cir. 2011). Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas.

In Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in Zadvydas creates no specific limits on detention. In fact, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Id. at 543 (citing Zadvydas, 533 U.S. at 701). The alien bears the initial burden of proof to show that no such likelihood of removal exists. Id.

Butte should amend his complaint and provide: (1) documentation showing when and where he entered the United States, and from what country; (2) any notice to appear that he received; (3) the date on which he was ordered removed; (4) a copy of the deportation/removal order issued by the immigration judge; (5) whether he appealed the removal order to the Board of Immigration Appeals ("BIA"); (6) a copy of the BIA's decision/order dismissing Butte's appeal; and (7) copies of any notices of review of Butte's custody status. Butte must also explain why there is no significant likelihood of his removal in the reasonably foreseeable future.

### III. Conclusion

Because Butte fails to provide sufficient factual allegations to support his claim, IT IS ORDERED that Butte AMEND his Petition (Doc. 1) within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __21st__ day of May, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge