UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NORMAN BUTTE, <br> Petitioner | CIVIL ACTION NO. 1:19-CV-487-P |
| VERSUS | JUDGE DEE D. DRELL |
| WILLIAM BARR, <br> Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

**REPORT AND RECOMMENDATION**

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) filed by *pro se* Petitioner Norman Butte ("Butte") (#A074918705). Butte is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). At the time of filing, Butte was being detained at the LaSalle Detention Center in Jena, Louisiana.

Because Butte has failed to comply with the Court's Order (Doc. 6) to amend his Petition, the Petition (Doc. 1) should be DISMISSED WITHOUT PREJUDICE.

I.   **Background**

Butte claims that his detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001), because he has been detained in excess of six months, and there is no significant likelihood of his removal in the reasonably foreseeable future.

Butte was ordered to amend his Petition on May 17, 2019. (Doc. 6). The Order was returned to the Clerk of Court as undeliverable on May 30, 2019. (Doc. 8).

## II. Law and Analysis

A district court may dismiss an action for a petitioner's failure to prosecute a case or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action sua sponte, without a motion by a defendant. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629-30.

Butte was ordered to amend his Petition to provide the Court with facts necessary to conduct an initial review of his Petition. The amended petition was due by June 17, 2019. (Doc. 6). The deadline has passed, and Butte has failed to comply with the Order.

Moreover, Butte has not provided the Court with an updated address since his mail was returned to the Clerk as undeliverable. Local Rule 41.3 provides that the failure of a *pro se* litigant to promptly notify the Court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address, and no correction is made to the address for a period of 30 days. More than 30 days have passed since the Order was returned, and Butte has failed to update his address.

Therefore, Butte's Petition (Doc. 1) should be DISMISSED WITHOUT PREJUDICE.

### III. Conclusion

Because Butte has failed to comply with the Court's Order to amend his Petition (Doc. 6), and because he has failed to notify the Court in writing of his address change, IT IS RECOMMENDED that Butte's Petition (Doc. 1) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3 of the Local Rules for the Western District of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __24th__ day of July, 2019.

_____<br>
Joseph H. L. Perez-Montes<br>
United States Magistrate Judge